UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL CASTER, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:12CV1123 JCH |
| ) | |
| CARDINAL RITTER SENIOR SERVICES, ) | |
| et al., ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Joint Motion to Dismiss Count I of Plaintiff's Petition ("Motion to Dismiss"), filed on June 28, 2012. (ECF No. 11). This matter is fully briefed and ready for disposition.

**BACKGROUND**

Plaintiff Paul Caster ("Plaintiff" or "Caster") was employed by Defendant Cardinal Ritter Senior Services and Defendant Archdiocese of St. Louis (collectively "Defendants") as the administrator of the St. Ann's Assisted Living Residence ("St. Ann's") from about June 2010 until May 2011. (Complaint, ECF No. 5, ¶ 4). At the time of the filing of this lawsuit, Plaintiff was 74 years old. (Id., ¶ 9). Plaintiff underwent back surgery in 2001, which resulted in the atrophying of the muscles in his left leg. (Id.). Since that time, Plaintiff has walked with a visible limp. (Id.). Despite his leg condition, Plaintiff was able to perform the essential functions of his job as an administrator. (Id., ¶ 10).

In March 2011, Defendants announced that St. Ann's would be closing on or before June 30, 2011. (Id., ¶¶ 12, 14). Defendants advised Plaintiff and other employees at St. Ann's that they could apply for a transfer to certain available positions with Defendants. (Id., ¶ 14). Plaintiff was informed

by Defendants that he would be interviewed for any positions that he applied for. (Id.). Plaintiff applied for a transfer to three separate positions with Defendants, all of which were administrator or assistant administrator positions, but Plaintiff was neither interviewed nor selected for any of the available positions. (Id., ¶¶ 15, 16).

In late May 2011, Plaintiff met with his supervisor and the Chief Executive Officer of Defendant Cardinal Ritter Senior Services to discuss the final steps in the closing of St. Ann's. (Id., ¶¶ 11, 18). During that meeting, Plaintiff's requests for transfer were discussed. (Id., ¶ 18). Plaintiff was told he was not qualified for one of the positions because he would not physically be able to handle the job. (Id.). Plaintiff's employment was terminated at the end of the meeting. (Id.).

Plaintiff filed this action in the Circuit Court of St. Louis County, State of Missouri. Plaintiff's Petition contains two counts: Count I, "Discrimination Based on Actual and/or Perceived Disability in Violation of the Missouri Human Rights Act," and Count II, "Discrimination Based on Actual and/or Perceived Disability in Violation of the Americans with Disabilities Act." Defendants removed this action to this Court on June 21, 2012, on the basis of federal question jurisdiction. As noted above, Defendants filed their Motion to Dismiss on June 28, 2012, arguing that Defendants are not "employers" under the Missouri Human Rights Act ("MHRA").

**STANDARD**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to the Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In addition, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." Coons v. Mineta, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). A motion to dismiss must be granted if the Complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

570 (2007) (abrogating the "no set of facts" standard for FED.R.CIV.P. 12(b)(6) found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  Stated differently, to survive a motion to dismiss, the Complaint's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 1965 (citation omitted).

## DISCUSSION

Under Missouri law,

1. It shall be an unlawful employment practice:

(1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual:

(a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability....

MO. REV. STAT. § 213.055 (2012).  "Employer" is defined as "the state, or any political or civil subdivision thereof, or any person employing six or more persons within the state, and any person directly acting in the interest of an employer, but does not include corporations and associations owned and operated by religious or sectarian groups."  Id. § 213.010(7).  To be exempt from the definition of "employer" on religious grounds, "[a] corporation or association must be one hundred percent (100%) owned and operated by a religious or sectarian group and being a member of that religion or sect must be a requirement for employment...."  MO. CODE REGS. ANN. tit. 8, § 60-3.010 (2012).

Here, at this stage in the litigation, it is premature to determine if Defendants meet the requirements of § 60-3.010 of the Missouri Code of State Regulations so as to exempt them from

liability under § 213.055 of the MHRA.[1]  Accepting the allegations contained in Plaintiff's Complaint as true and drawing all reasonable inferences in favor of Plaintiff, the Court cannot say that Defendants are completely owned and operated by a religious group, nor that being a member of a certain religion is a requirement for employment with Defendants.  Therefore, more information, and some discovery, is needed before ascertaining whether § 213.055 applies to Defendants.  The Court will deny Defendants' Motion to Dismiss.

Additionally, the Court rejects Plaintiff's argument that Defendants are collaterally estopped from arguing that they are exempt under § 213.055.  Plaintiff's argument is based on an unrelated state court decision denying Defendant Archdiocese of St. Louis's motion to dismiss the plaintiff's MHRA claims based on the religious exemption.[2]  Offensive collateral estoppel, or issue preclusion, "is an attempt by a plaintiff to rely on a prior adjudication of an issue to prevent the defendant from challenging a fact necessary to the plaintiff's case and on which the plaintiff carries the burden of proof."  Heartland Acad. Cmty. Church v. Waddle, 595 F.3d 798, 811 (8th Cir.2010) (quoting Allstate Ins. Co. v. Blount, 491 F.3d 903, 912 n.9 (8th Cir. 2007)).  "The Full Faith and Credit Act, 28 U.S.C. § 1738, requires a federal court to give the same preclusive effect to a state-court judgment as another court of that State would give."  Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 293 (2005) (internal quotations and citation omitted); see also Ewing v. St. Louis-Clayton Orthopedic Group, Inc., 790 F.2d 682, 684 (8th Cir. 1986) ("[W]here the first action was brought

---

[1]Since Defendants raised the argument that § 60-3.010 conflicts with § 213.055 and is therefore invalid for the first time in their Reply, the Court refuses to address this argument.  See Westfield, LLC v. IPC, Inc., No. 4:11CV155, 2012 WL 1205794, at *2 n.1 (E.D. Mo. Apr. 11, 2012) ("Defendant improperly raises this argument for the first time in its Reply Memorandum, however, and thus the Court will not address it here."); Universal Sewing Supply, Inc. v. Artek Sewing Supplies, Inc., No. 4:05CV974, 2005 WL 2211146, at *2 n.3 (E.D. Mo. Sept. 8, 2005).

[2]The state court decision is Kyle v. Archdiocese of St. Louis, Circuit Court of St. Louis County, Cause No. 07-002513.

in state court and involved non-federal matters, the overwhelming view is that the federal district court is required under Erie to follow the res judicata law of the forum state.").

Under Missouri law, courts consider three factors in determining whether to apply the collateral estoppel doctrine: "(1) whether the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication." Liberty Mut. Ins. Co. v. FAG Bearings Corp., 335 F.3d 752, 758 (8th Cir. 2003) (citing King Gen. Contractors v. Reorganized Church of Jesus Christ of Latter Day Saints, 821 S.W.2d 495, 500 (Mo. 1991)).

The denial of a motion to dismiss is an interlocutory order and not a judgment on the merits. McMahon v. Geldersma, 317 S.W.3d 700, 705 (Mo. Ct. App. 2010). The decision of the Circuit Court of St. Louis County in Kyle v. Archdiocese of St. Louis is, therefore, not a judgment on the merits. Accordingly, the Court gives this decision no preclusive effect, and Defendants are not collaterally estopped from arguing that they are exempt under § 213.055.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Joint Motion to Dismiss Count I of Plaintiff's Petition (ECF No. 11) is **DENIED**.

Dated this __28th__ day of August, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE